IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA OSTINI and DENNIS OSTINI, | No. C 07-01011 WHA |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| CITY OF BURLINGAME, a municipal corporation; BURLINGAME POLICE CHIEF JACK L. VAN ETTEN, in his official capacity; BURLINGAME POLICE OFFICER JAREL PETERS; BURLINGAME POLICE SERGEANT DOWNS; DOES 1-25, INCLUSIVE. | |
| Defendant. | |

**INTRODUCTION**

In this civil rights case, plaintiffs Angela and Dennis Ostini have asserted a number of federal and state claims against multiple defendants. Defendants move to dismiss plaintiffs' first and second claims as improperly alleging violations of plaintiffs' Fourteenth Amendment rights. Additionally, defendants move to dismiss Dennis Ostini's first and second claims because he has not alleged violations of his constitutional rights sufficient to support a claim under 42 U.S.C. 1983. This order holds that plaintiffs' claims are properly brought as violations of their Fourth Amendment rights and not their rights under substantive due process. As to Dennis Ostini's claims, he has only alleged that defendants unlawfully entered his home which is insufficient to support a claim for unlawful seizure. Accordingly, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs will be allowed leave to amend.

**STATEMENT**

On or about July 10, 2005, Burlingame police officers, including defendants Sergeant Downs and Officer Peters, responded to a disturbance complaint at 1109 Summer Avenue, Burlingame, California. The police officers did not have a warrant to enter the premises. Upon entering the premises, Downs encountered Angela Ostini, Dennis Ostini, and Renee Harold. After Downs determined that the disturbance in fact was Angela's grieving over the sudden death of her brother, Peters entered the premises.

Downs informed Peters of the nature of the disturbance. Peters allegedly approached Angela and Dennis, who was consoling Angela and also grieving, "in a rude, threatening and aggressive manner" (Amd. Compl. ¶ 6). Plaintiffs allege that Peters "grabbed" Angela and "shoved her into a chair while maintaining his hold on her should/neck area." Peters then allegedly berated and chastised Angela "for the manner in which she was expressing her grief" and "ordered her to 'stop crying.'" He threatened to take Angela in for a "mental competence exam" if she failed to comply. Next, Peters allegedly "said words to effect of 'Listen, bitch, who do you think you are? You are not the only one that has ever lost someone close to you! My brother-in-law blew his brains out two weeks ago!'" At this point, Dennis, who had been in close proximity, "said words to the effect of 'You're way out of line!'" Peters allegedly clenched his fists in a threatening manner and stepped within inches of plaintiffs. He then turned and stormed out, entered his patrol vehicle and drove off (*ibid.*).

Plaintiffs alleged that Downs, Peters "threatened intimidated and coerced" plaintiffs through the use of physical and non-physical force. Moreover, they allegedly discriminated against Angela due to her membership in the protected class of women. Plaintiffs also alleged the Downs was present during Peters acts but failed to adequately respond.

Plaintiffs filed a complaint on February 16, 2007, against the City of Burlingame, Burlingame police chief Jack L. Van Etten, Jarel Peters, and Jeff Downs. Plaintiffs then filed an amended complaint on April 5, 2007. Plaintiffs' amended complaint asserted the following claims: (1) violations of 42 U.S.C. 1983 under the Fourth and Fourteenth Amendments to the United States Constitution; (2) violations of 42 U.S.C. 1983 under the Fourth and Fourteenth

1  Amendments; (3) assault; (4) battery; (5) false imprisonment; (6) intentional infliction of
2  emotional distress; (7) negligent infliction of emotional distress; (8) violation of California Civil
3  Code § 51.7; (9) violation of California Civil Code § 52.1; (10) violation of California Civil
4  Code § 52.3; (11) negligence; and (12) negligent hiring, retention, training, supervision, and
5  discipline.  The first and second claims are alleged by Angela and Dennis Ostini jointly.  The
6  first claim is alleged against defendants Downs and Peters; the second claim is alleged against
7  all defendants.  The remaining claims are not the subject of defendants' motion.

## ANALYSIS

Under FRCP 12(b)(6), a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  Specifically, dismissal is proper only if there is either a "lack of a cognizable theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When attacked pursuant to FRCP 12(b)(6), well-pleaded allegations in a complaint must be treated as true, and all reasonable inferences drawn in its favor. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### 1. SECTION 1983 CLAIM UNDER THE FOURTEENTH AMENDMENT.

To state a claim under 42 U.S.C. 1983, plaintiff must allege that some person deprived him of a federal right, and that the person who deprived him of that right acted under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (U.S. 1980).  "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

Plaintiffs allege that defendants Downs and Peters deprived them of their rights to be free from unreasonable search and seizure, deprived them of their liberty, and used excessive

3

1 force against them.  Defendants assert that only Fourth Amendment claims, and not Fourteenth
2 Amendment claims, are the proper avenues for redressing plaintiffs' rights.  Defendants move
3 to dismiss these claims to the extent that they are based on the Fourteenth Amendment.

4 This order finds persuasive *Podesta v. City of San Leandro*, No. C 05-2615 SBA, 2005 WL 2333802 (N.D. Cal. 2005).  In *Podesta*, the plaintiff alleged that two police officers kicked him, beat him, forced him to lie face down, and placed him under arrest.  The plaintiff was then released after an hour with no explanation as to why he has been arrested.  He filed an action asserting violations of his Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights under 42 U.S.C. 1983 and 1986.  The court found that the "gravamen of [the plaintiff's] Complaint [was] that he was subjected to an unreasonable search and seizure and possibly excessive force" and as such his claims were properly asserted under the Fourth Amendment.  Finding no facts to support a violation of either the due process clause or the equal protection clause of the Fourteenth Amendment, the portions of the claims that referred to the Fourteenth Amendment were dismissed.  *Id*. at \*3– \*4.  Similarly, the essence of plaintiffs' claims is that they were subjected to unreasonable search and seizure and the use of excessive force.  As such those claims should be analyzed under the Fourth Amendment only unless plaintiffs have put forth facts supporting the alleged violations of the Fourteenth Amendment.

18 Citing *Lawrence v. Texas*, 539 U.S. 558 (2003), plaintiffs argue in their opposition the "right to privacy of intimate family relations was recognized by the Supreme Court as being a right arising form [sic] the 14th Amendment's Due process clause."  Plaintiffs have an expansive view of the decision in *Lawrence*.  The ruling in fact was narrower.  "The Lawrence Court held that due process requires 'respect for [the petitioners'] private lives [such that t]he State cannot demean their existence or control their destiny by making their private sexual conduct a crime.'"  *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1104–05 (9th Cir. 2006) (citing 539 U.S. at 578).  Plaintiffs' private sexual conduct is not at issue here.

26 Despite conclusory allegations that plaintiffs were deprived of liberty without due process of law, no facts in the complaint support a violation of the Fourteenth Amendment's due process clause beyond the unreasonable search and seizure context.  Angela Ostini,

4

however, also alleges a violation of her right to equal protection under the laws as member of a protected class — women. Beyond that bare assertion, there are no facts in the complaint to support a claim of discrimination based on gender. Accordingly, defendants' motion to dismiss plaintiffs' claims under the Fourteenth Amendment is **GRANTED**. Plaintiffs' Fourteenth Amendment claims are **DISMISSED**.

### 2. SECTION 1983 CLAIM UNDER THE FOURTH AMENDMENT.

Defendants next argue that plaintiff Dennis Ostini has failed to state a claim for violation of his Fourth Amendment rights. Dennis Ostini alleges that his right to be free from unreasonable search and seizure was violated and that defendants used unlawful force against him.

Defendants first argue that Dennis Ostini was never seized under the Fourth Amendment. "Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). The sum of Dennis Ostini's allegations as to seizure are that defendants entered his home without a warrant, approached him in a rude and threatening manner, and stood near him with a clenched fist. Plaintiffs have not pleaded facts that if true, would prove that defendants ever acquired physical control over Dennis Ostini. Plaintiffs did allege that Peters grabbed Angela Ostini by the shoulder and shoved her into a chair, but there were never any allegations that physical force of any kind was used against Dennis Ostini. Angela Ostini's constitutional rights are her own, and Dennis Ostini may not assert claims based on them.

Next, defendants assert that plaintiffs have not pleaded a claim for excessive force as to Dennis Ostini. He has not alleged that defendants ever actually touched him, he only alleged that the police spoke to him in a threatening manner. Verbal harassment and the use of abusive language are not sufficient to allege a deprivation of constitutional rights under 42 U.S.C. 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even taking as true Dennis Ostini's allegations, defendants use of threatening or abusive language is not sufficient to plead a claim that police used excessive force.

5

Finally, defendants argue that Dennis Ostini has also not pleaded a claim for unlawful entry. Here, however, plaintiff has pleaded that defendant police officers entered his home without a warrant. In their motion, defendants argue that warrantless entry was permitted because of exigent circumstances. That is, as plaintiffs pleaded, that Angela Ostini was crying because of the death of a family member. The officers were alarmed by the sound, so they entered the home. Exigent circumstances is a fact-intensive analysis that is not properly resolved on a motion to dismiss. Dennis Ostini has successfully pleaded a claim for unlawful entry. Defendants' motion to dismiss is **GRANTED** as to Dennis Ostini's claims for excessive force and unlawful seizure, and **DENIED** as to his claim for unlawful entry.

### 3. SECTION 1983 MUNICIPALITY LIABILITY CLAIM.

Municipalities may be held liable for constitutional deprivations resulting from actions taken pursuant to a government policy or custom. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). In the Ninth Circuit, a *Monell* claim under 42 U.S.C. 1983 is sufficient to withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to an official policy, custom or practice." *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986).

Defendants argue that plaintiffs have not pleaded that Dennis Ostini suffered an underlying deprivation of his constitutional rights and thus cannot bring a *Monell* claim. As described above, however, plaintiffs have pleaded that defendants unlawfully entered Dennis Ostini's house, a violation of his Fourth Amendment rights. Accordingly, Dennis Ostini's *Monell* claim survives defendants' motion to dismiss.

## CONCLUSION

For all of the above-stated reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs will be granted leave to amend. Any amended complaint should be filed no later than **JUNE 8, 2007**.

**IT IS SO ORDERED.**

Dated: May 17, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE